R. SCOTT FELDMANN (CA SBN 169230)
sfeldmann@bakerlaw.com
BAKER & HOSTETLER LLP
600 Anton Blvd., Suite 900
Costa Mesa, CA 92626
Telephone: (714) 966-8862
Facsimile: (714) 754-6611

KEVIN W. KIRSCH (CA SBN 166184)
kkirsch@bakerlaw.com
BAKER & HOSTETLER LLP
312 Walnut Street, Suite 3200
Cincinnati, OH 45202-4074
Telephone: (513) 929-3499
Facsimile: (513) 929-0303

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| PERSONAL WATERCRAFT PRODUCT SAS,<br><br>*Plaintiff*,<br><br>v.<br><br>FLYDIVE, INC., CHRISTOS NICOLAIDIS, and JAMES PLANTE<br><br>*Defendants*. | Case No.: 8:17-cv-1128<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>DEMAND FOR JURY TRIAL |

LA/610991369.1v1

# COMPLAINT

Plaintiff Personal Watercraft Product SAS ("Plaintiff"), by and through its undersigned counsel, hereby alleges against Defendant Flydive, Inc. ("Defendant Flydive"), Defendant Christos Nicolaidis ("Defendant Nicolaidis"), and Defendant James Plante ("Defendant Plante") (collectively, "Defendants") as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement of United States Patent Nos. 7,900,867; 8,608,104; 8,851,943; and 9,168,991 (collectively, "the Asserted Patents") arising under the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

3. This Court has personal jurisdiction over the Defendants because the Defendants are each (a) operating, conducting, engaging or carrying on a business in the State of California; (b) committing tortious acts within the State of California; and (c) engaging in substantial and not isolated activity within the State of California.

4. Venue is proper in this district under 28 U.S.C. §§1391 and 1400(b).

5. Joinder of the defendants is proper under Fed. R. Civ. P. 20(a)(2) and 35 U.S.C. §299 as the relief sought against each defendant arises out of the same transaction, occurrence, or series of transactions or occurrences relating to using, importing into the United States, offering for sale, and/or selling of the same accused products or processes, and matters of law and fact common to all defendants will arise in the action.

## THE PARTIES

6. Plaintiff is a French *société par actions simplifiée (SAS, simplified joint stock company)* with a principal place of business in Le Rove, France.

7. Upon information and belief, Defendant Flydive is a Delaware corporation having a principal place of business at 4630 Santa Fe, San Diego CA 92109, and having an agent for receipt of service of process c/o GKL Corporate/Search, Inc., One Capitol Mall, STE 660, Sacramento, CA 95814.

8. Upon information and belief, Defendant Nicolaidis is an individual residing in California, and is the Chief Executive Officer of Defendant Flydive.

9. Upon information and belief, Defendant Plante is an individual residing in California, and is an owner and officer of Defendant Flydive.

## THE PATENTS-IN-SUIT

10. On March 8, 2011, the United States Patent & Trademark Office ("USPTO") issued U.S. Patent No. 7,900,867 ("the '867 Patent") entitled "Personal Propulsion Device." A true and correct copy of the '867 Patent is attached hereto as Exhibit 1.

11. On June 8, 2015, the USPTO issued an Ex Parte Reexamination Certificate confirming the patentability of 108 claims of the '867 Patent. The '867 Patent is in full force and effect as of the date of this Complaint and at all times relevant to the allegations herein.

12. On December 17, 2013, the USPTO issued U.S. Patent No. 8,608,104 ("the '104 Patent") entitled "Device and System for Propelling a Passenger." A true and correct copy of the '104 Patent is attached hereto as Exhibit 2. The '104 Patent is in full force and effect as of the date of this Complaint and at all times relevant to the allegations herein.

13. On October 7, 2014, the USPTO issued U.S. Patent No. 8,851,943 ("the '943 Patent") entitled "Motorized Water Vehicle Adapted for Supplying a Pressurized Fluid and Associated Delivery System." A true and correct copy of the '943 Patent is attached hereto as Exhibit 3. The '943 Patent is in full force and effect as of the date of this Complaint and at all times relevant to the allegations herein.

14. On October 27, 2015, the USPTO issued U.S. Patent No. 9,168,991 ("the '991 Patent") entitled "Motorized Water Vehicle Adapted for Supplying a Pressurized Fluid and Associated Delivery System." A true and correct copy of the '943 Patent is attached hereto as Exhibit 4. The '991 Patent is in full force and effect as of the date of this Complaint and at all times relevant to the allegations herein.

15. Plaintiff is the exclusive licensee of the Asserted Patents and holder of substantial rights in and to the Asserted Patents.

## FACTUAL BACKGROUND
### Plaintiff Personal Watercraft Product SAS

16. Pursuant to its exclusive license to the Asserted Patents, Plaintiff is engaged in the manufacture and sale of various water-propelled recreational devices, also known as "hydroflight products" marketed under the Flyboard® brand, which Plaintiff commercially launched in or about 2012. Such hydroflight products use pressurized water from a personal watercraft to propel a rider into the air, where the rider can perform various acrobatic tricks and feats, or simply fly above and/or under the water.

17. Plaintiff's pioneering hydroflight products have garnered widespread international media attention and acclaim, have YouTube® videos receiving tens of millions of views, and have achieved millions of dollars of sales throughout the world.

### Defendant Flydive, Inc.

18. Defendant Flydive is in the business of importing into the United States, making, using, selling, and/or offering to sell recreational water flight equipment, including the X-Board Flight Deck (and/or variations thereof) and a Tether Strain Assembly that is complimentary to and/or offered in conjunction with the X-Board Flight Deck.

19. Defendant Flydive sells and offers to sell the X-Board Flight Deck (and/or

variations thereof) and a Tether Strain Assembly throughout the United States and in this District, including through the website www.flydive.com.

### Defendant Flydive, Inc.'s Predatory Trade Practices

20. Defendant Flydive entered the hydroflight industry in or about 2015 – several years after Plaintiff. In tacit recognition of Plaintiff's pioneering and widely-adopted Flyboard products, Defendant Flydive directly copied several components of Plaintiff's Flyboard device and integrated these components into Defendant's X-Board product. Defendant Flydive did so to short-cut and avoid the cost and effort required to develop an innovative product, and instead improperly took advantage of all of Plaintiff's preceding hard work, research and development, and incurred cost. For example, Defendant Flydive directly copied Plaintiff's adaptor plates that interface between a user's propulsion-providing watercraft and Plaintiff's Flyboard, as shown below:




Plaintiff's Flyboard Adaptor Plate (shown installed on a watercraft)     Defendant Flydive's Adaptor Plate

21. Defendant Flydive also directly copied Plaintiff's hose-swivel interface that connects the portion of the Flyboard that a user stands upon to the hose that provides water to the thrust components of the device, a picture of which is shown below. Defendant Flydive's blatant reproduction of Plaintiff's components enable Defendant Flydive to further take advantage of Plaintiff's worldwide product and brand popularity by claiming that Defendant Flydive's X-Board is compatible with Plaintiff's Flyboard components.

| Plaintiff's Flyboard Hose-Swivel Interface | Defendant Flydive's Hose-Swivel interface |

22. In addition to Defendant Flydive's copying of Plaintiff's product, Defendant has also recently incorporated significant price drops on its products. Historically, Defendant Flydive's pricing of its X-Board has been comparable to Plaintiff's Flyboard with a retail price of approximately $5,500. However, in March 2017, Defendant Flydive substantially dropped the price of its X-board to approximately $3,000. This price drop has resulted in direct lost sales and other damage to Plaintiff.

23. Apparently dissatisfied with ripping off Plaintiff's product designs and undercutting Plaintiff's historical pricing, Defendant Flydive ran ads on Google's search engine service calling out Plaintiff's Flyboard specifically, and claiming a $2,500 price difference between the X-board and the Flyboard, as shown below:

> Buy a FlyDive X-Board Today - Save $2500 off Flyboard - flydive.com
> [Ad] www.flydive.com/Fly/Special
> Easy to Fly, Safe and Fun for the Whole Family. Limited Time Offer - Shop Now!

24. Defendant thus benefits asymmetrically from Plaintiff's millions of internet video views and worldwide brand-recognition to pitch their X-Board, while Plaintiff is at an irreparable disadvantage because of Defendant's limited exposure and recognition. In other words, were Plaintiff to compare or advertise its Flyboard in comparison to Defendant's X-Board, it would only lend credence to an infringing product and further bolster Defendant's ill-gotten gains in the industry.

**Defendant Flydive, Inc.'s Recent Acquisitions**

25. Defendant Flydive recently acquired and/or merged with Jetpack Enterprises, LLC and Jetpack Enterprises - San Diego, LLC (collectively, "Jetpack Ent."). Jetpack Ent. is or was in the business of importing into the United States, using, selling, renting to customers, and offering to sell recreational water flight equipment, including the X-Jetpack NX; the X-Jets Jetblade; the Jetovator; the Freedom Chair; and the Shred Sled (and/or variations thereof) (collectively with the X-Board Flight Deck (and/or variations thereof) and Tether Strain Assembly, "the Accused Products").

26. Defendant Flydive recently acquired and/or merged with Get Fly Enterprises, LLC d/b/a "Aquafly," as well as hydrosport companies SoCal Hydrosports and Aquaflyboarding. Each of these entities is or was in the business of importing into the United States, using, selling, renting to customers, and/or offering to sell one or more of the Accused Products.

27. Upon information and belief, Defendant Flydive assumed control of and liability for (i) Jetpack Ent., (ii) Get Fly Enterprises, LLC d/b/a "Aquafly," (iii) SoCal Hydrosports, and (iv) Aquaflyboarding (collectively, "Acquired Entities"), including liability for patent infringement.

28. Upon information and belief, Defendant Flydive (directly and through the assumed liability for the Acquired Entities) has placed infringing products into the stream of commerce with the knowledge and/or understanding that such products are sold to and used by customers in this District. In addition, Defendant Flydive knowingly induced, and continues to knowingly induce, infringement within this State and within this District by contracting with others to market, use and sell infringing products with the knowledge and intent to facilitate infringing sales and use of the products by others within this District and by creating and/or disseminating product information and other instruction materials for the infringing products with like mind and intent.

### Defendant Christos Nicolaidis

29. Upon information and belief, Defendant Nicolaidis is an officer of Defendant Flydive and has personally taken part in the commission of Defendant Flydive's acts of patent infringement, and/or has specifically directed other officers, agents, or employees of Defendant Flydive to commit these tortious acts.

30. Upon information and belief, Defendant Nicolaidis has placed infringing products into the stream of commerce with the knowledge and/or understanding that such products are sold to and used by customers in this District. In addition, Defendant Nicolaidis knowingly induced and contributed to, and continues to knowingly induce and contribute to, infringement within this State and within this District by directing and contracting with others to market, use and sell infringing products with the knowledge and intent to facilitate infringing sales and use of the products by others within this District and by creating and/or disseminating product information and other instruction materials for the infringing products with like mind and intent.

### Defendant James Plante

31. Upon information and belief, Defendant Plante is an officer and owner of Defendant Flydive and has personally taken part in the commission of Defendant Flydive's acts of patent infringement, and/or has specifically directed other officers, agents, or employees of Defendant Flydive to commit these tortious acts.

32. Upon information and belief, Defendant Plante has placed infringing products into the stream of commerce with the knowledge and/or understanding that such products are sold to and used by customers in this District. In addition, Defendant Plante knowingly induced and contributed to, and continues to knowingly induce and contribute to, infringement within this State and within this District by directing and contracting with others to market, use and sell infringing products with the knowledge and intent to facilitate infringing sales and use of the products by others within this District and by creating and/or disseminating

product information and other instruction materials for the infringing products with like mind and intent.

## COUNT I

(Infringement of U.S. Patent No. 7,900,867)

33. Plaintiff re-alleges and incorporates paragraphs 1-32 from above as though fully set forth herein.

34. Each of the Defendants has actual or constructive notice of the '867 Patent.

35. Each of the Defendants has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalent, one or more claims of the '867 Patent by importing, making, using, offering to sell and/or selling the Accused Product and associated components in the United States (directly and through the assumed liability for the Acquired Entities) without authority and in violation of 35 U.S.C. §271.

36. Each of the Defendants also has and continues to indirectly infringe one or more claims of the '867 Patent by inducing others to infringe and/or contributing to the infringement of others, including end users of the Accused Product. Specifically, each of the Defendants has actively induced, and continues to induce, the infringement of one or more claims of the '867 Patent at least by actively inducing the infringing use of the Accused Product by Defendants' customers in the United States (directly and through the assumed liability for the Acquired Entities). Each of the Defendants knew or should have known that its conduct would induce others to use the Accused Products in a manner that infringes the '867 Patent.

37. Each of the Defendants has also contributorily infringed and continues to contributorily infringe the '867 Patent by importing into the United States, making, using, selling and/or offering to sell within the United States infringing products that constitute a material part of the claimed inventions that are not staple articles of commerce suitable for substantial non-infringing use.

38. Each of the Defendants' infringement of the '867 Patent has been willful and deliberate.

39. Each of the Defendants' infringement of the '867 Patent will continue unless enjoined by this Court.

40. As a direct and proximate result of Defendants' infringement of the '867 Patent, Plaintiff has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which Plaintiff is entitled to relief.

## COUNT II

(Infringement of U.S. Patent No. 8,608,104)

41. Plaintiff re-alleges and incorporates paragraphs 1-32 from above as though fully set forth herein.

42. Each of the Defendants has actual or constructive notice of the '104 Patent.

43. Each of the Defendants has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalent, one or more claims of the '104 Patent by importing, making, using, offering to sell and/or selling the Accused Product and associated components in the United States (directly and through the assumed liability for the Acquired Entities) without authority and in violation of 35 U.S.C. §271.

44. Each of the Defendants also has and continues to indirectly infringe one or more claims of the '104 Patent by inducing others to infringe and/or contributing to the infringement of others, including end users of the Accused Product. Specifically, each of the Defendants has actively induced, and continues to induce, the infringement of one or more claims of the '104 Patent at least by actively inducing the infringing use of the Accused Product by Defendants' customers in the United States (directly and through the assumed liability for the Acquired Entities). Each of the Defendants knew or should have known that its conduct would induce others to use the Accused Products in a manner that infringes the '104 Patent.

45. Each of the Defendants has also contributorily infringed and continues to contributorily infringe the '104 Patent by importing into the United States, making, using, selling and/or offering to sell within the United States infringing products that constitute a material part of the claimed inventions that are not staple articles of commerce suitable for substantial non-infringing use.

46. Each of the Defendants' infringement of the '104 Patent has been willful and deliberate.

47. Each of the Defendants' infringement of the '104 Patent will continue unless enjoined by this Court.

48. As a direct and proximate result of Defendants' infringement of the '104 Patent, Plaintiff has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which Plaintiff is entitled to relief.

## COUNT III

(Infringement of U.S. Patent No. 8,851,943)

49. Plaintiff re-alleges and incorporates paragraphs 1-32 from above as though fully set forth herein.

50. Each of the Defendants has actual or constructive notice of the '943 Patent.

51. Each of the Defendants has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalent, one or more claims of the '943 Patent by importing, making, using, offering to sell and/or selling the Accused Product and associated components in the United States (directly and through the assumed liability for the Acquired Entities) without authority and in violation of 35 U.S.C. §271.

52. Each of the Defendants also has and continues to indirectly infringe one or more claims of the '943 Patent by inducing others to infringe and/or contributing to the infringement of others, including end users of the Accused Product. Specifically, each of the Defendants has actively induced, and continues to induce, the infringement of one or more claims of the '943 Patent at least by actively

inducing the infringing use of the Accused Product by Defendants' customers in the United States (directly and through the assumed liability for the Acquired Entities). Each of the Defendants knew or should have known that its conduct would induce others to use the Accused Products in a manner that infringes the '943 Patent.

53. Each of the Defendants has also contributorily infringed and continues to contributorily infringe the '943 Patent by importing into the United States, making, using, selling and/or offering to sell within the United States infringing products that constitute a material part of the claimed inventions that are not staple articles of commerce suitable for substantial non-infringing use.

54. Each of the Defendants' infringement of the '943 Patent has been willful and deliberate.

55. Each of the Defendants' infringement of the '943 Patent will continue unless enjoined by this Court.

56. As a direct and proximate result of Defendants' infringement of the '943 Patent, Plaintiff has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which Plaintiff is entitled to relief.

## COUNT IV
(Infringement of U.S. Patent No. 9,168,991)

57. Plaintiff re-alleges and incorporates paragraphs 1-32 from above as though fully set forth herein.

58. Each of the Defendants has actual or constructive notice of the '991 Patent.

59. Each of the Defendants has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalent, one or more claims of the '991 Patent by importing, making, using, offering to sell and/or selling the Accused Product and associated components in the United States (directly and through the assumed liability for the Acquired Entities) without authority and in violation of 35 U.S.C. §271.

60. Each of the Defendants also has and continues to indirectly infringe one or more claims of the '991 Patent by inducing others to infringe and/or contributing to the infringement of others, including end users of the Accused Product. Specifically, each of the Defendants has actively induced, and continues to induce, the infringement of one or more claims of the '991 Patent at least by actively inducing the infringing use of the Accused Product by Defendants' customers in the United States (directly and through the assumed liability for the Acquired Entities). Each of the Defendants knew or should have known that its conduct would induce others to use the Accused Products in a manner that infringes the '991 Patent.

61. Each of the Defendants has also contributorily infringed and continues to contributorily infringe the '991 Patent by importing into the United States, making, using, selling and/or offering to sell within the United States infringing products that constitute a material part of the claimed inventions that are not staple articles of commerce suitable for substantial non-infringing use.

62. Each of the Defendants' infringement of the '991 Patent has been willful and deliberate.

63. Each of the Defendants' infringement of the '991 Patent will continue unless enjoined by this Court.

64. As a direct and proximate result of Defendants' infringement of the '991 Patent, Plaintiff has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which Plaintiff is entitled to relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that the Court:

A. Enter a judgment that Defendants have infringed, induced infringement and contributed to the infringement of the Asserted Patents.

B. Order Defendants to pay damages to adequately compensate Plaintiff for

Defendants' patent infringement, including but not limited to an award of Defendants' profits from its infringement of the Asserted Patents, Plaintiff's lost profits, and/or reasonable royalties together with pre- and post-judgment interest;

C. Enter a permanent injunction pursuant to 35 U.S.C. §283, restraining and enjoining Defendants' and their respective officers, agents, servants, employees, attorneys, customers, licensors, suppliers and those in concert or participation with them from any further sales, offers for sale, importation or use of infringing products and services and any other infringement of the Asserted Patents, whether direct or indirect;

D. Find that Defendants' patent infringement was willful and malicious and award treble damages to Plaintiff under 35 U.S.C. §284;

E. Find this to be an exceptional case of patent infringement under 35 U.S.C. §285 and award reasonable attorneys' fees, costs, and expenses incurred by Plaintiff in prosecuting this action; and

F. Award such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests a trial by jury for all issues so triable.

Dated: June 30, 2017                    **BAKER & HOSTETLER LLP**

                                        By:   /s/ *Kevin W. Kirsch*
                                              Kevin W. Kirsch

                                        *Attorney for Plaintiff*

13
COMPLAINT FOR PATENT INFRINGEMENT